REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616
Email: Reggiet2@aol.com

FILED
APR 18 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA NOBLES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOCTOR'S ASSOCIATES INC.,<br><br>Defendants. | CASE NO.: C13-1767<br><br>**CLASS ACTION COMPLAINT**<br><br>DEMAND FOR JURY TRIAL |

**COMPLAINT**

**CLASS ACTION COMPLAINT**

Plaintiff Ayanna Nobles ("Plaintiff"), individually, and on behalf of all others similarly situated, through counsel, complains of Defendant, Doctor's Associates Inc. ("Defendant"), as follows:

**Nature of the Case**

1. Plaintiff brings this action individually and on behalf of a proposed class (the "Class"), as more fully defined below, of similarly situated consumers California to compensate the universal pattern of fraudulent, deceptive, and otherwise improper advertising, sales and

marketing practices that Defendant continues to engage in regarding the length of purported "Footlong" submarine sandwiches ("subs"), which are an essential product sold by Defendant's SUBWAY® restaurants. In truth, Defendant's "Footlong" subs are not one foot, or 12 inches long.

2. As more fully alleged below, Defendant's practice to defraud Plaintiff and other members of the proposed Class consist of systemic and continuing practices of disseminating false and misleading information via television commercials, Internet websites and postings, point of purchase advertisements and national print advertisements, all of which are intended to trick unsuspecting consumers, including Plaintiff and other members of the proposed Class, into believing they are receiving more food for their money than they actually are.

3. SUBWAY® is a registered trademark of Defendant, and Defendant franchises SUBWAY® restaurants throughout the world. Defendant's SUBWAY® brand franchise is the world's largest submarine sandwich chain, with more than 38,000 locations, in 98 countries and territories, including approximately 24,000 locations in the United States.

4. Defendant's SUBWAY® brand franchise had $11.5 Billion in sales in 2011.

5. Defendant markets SUBWAY® "Footlong" subs as actually being 12 inches—a "foot"— long. This is reflected in Defendant's advertisements which frequently refer to the measurement of one foot when advertising the "Footlong" subs. However, the "Footlong" subs that SUBWAY® sells to its customers are smaller than the advertised 12 inches. Consequently, consumers are receiving less than what they are paying for.

6. Defendant's advertisements for SUBWAY® "Footlong" subs have been extensive, and Defendant has spent a considerable amount of money to convey deceptive messages to consumers throughout California. Defendant uses a wide array of media to convey its deceptive claims about SUBWAY® "Footlong" subs, including television, magazines, and the Internet. Certainly, SUBWAY® "Footlong" subs have been heavily endorsed by celebrities and athletes.

Through this enormous marketing campaign, Defendant has conveyed one message about these subs, inherent in the name: "Footlong" subs are actually a foot (i.e. 12 inches) long. Everyone who has purchased SUBWAY® "Footlong" subs, including Plaintiff, has been exposed to Defendant's false advertising message and purchased those subs as a result of that advertising.

7. Plaintiff brings this action on behalf of himself and other similarly situated consumers throughout California to stop the dissemination of these untrue and deceptive advertising messages, correct the false and misleading perception that they have created in consumers' minds, and obtain compensations for those who have purchased SUBWAY® "Footlong" subs.

**Jurisdiction and Venue**

8. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d). The proposed Class involves more than 100 individuals. A member of the proposed Class is a citizen of a state different from the Defendant, and the amount of controversy, in the aggregate, exceeds the sum of $5,000,000 exclusive of interest and costs. Therefore, both diversity jurisdiction and the damages threshold under the class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

9. Venue, under 28 U.S.C. §1391, and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

**The Parties**

10. Plaintiff resides in Oakland, Alameda County, California.

11. Plaintiff was frequently exposed to and saw Defendant's advertisements and representations regarding the SUBWAY® "Footlong" subs in California, including in the Northern District of California. After seeing Defendant's advertising regarding the "Footlong" subs, Plaintiff purchased a "Footlong" sub during the lunch hour at the SUBWAY® restaurant located at 4496 Broadway, Oakland, CA.

12. Plaintiff purchased the "Footlong" sub in reliance on the misrepresentations and omissions of the Defendant. Plaintiff suffered an injury in fact and lost money as a result of the deceptive and unfair conduct described herein, because the "Footlong" sub that she purchased was approximately (11) inches in length, which is materially (*i.e.* approximately 10%) shorter than the 12 inches, or one footlong, represented by Defendant.

13. Defendant is a private corporation incorporated in the State of Florida, and has its principal place of business in Milford, Connecticut. Defendant, therefore, is a citizen of Florida and Connecticut.

14. Defendant, as the franchisor of SUBWAY® restaurants, is in the business of promoting, marketing, distributing, and selling SUBWAY® "Footlong" subs throughout California. Although SUBWAY® restaurants are owned and/or operated by franchisees, Defendant makes, upholds, and imposes strict uniform standards and practices for all aspects of its SUBWAY® restaurants, including the length of "Footlong" subs.

15. Upon information and belief, Defendant has complete or substantial control over all SUBWAY® restaurants in that it could apply and guide the policies and procedures of those restaurants as well as dictate the restaurants' appearance, equipment, menu, hours of operation, employees' appearance and demeanor, and marketing and advertising.

16. Additionally, Defendant and its franchisees portray themselves to the general public as one company—SUBWAY®—as demonstrated by the fact that the advertising materials, signs, and store appearance all are the same, and identify Defendant's franchisees' restaurants as SUBWAY®.

17. Defendant's conduct was intended to and did lead Plaintiff and members of the proposed Class to believe that all SUBWAY® restaurants had like standards and practices, and that all menu items would be the same at each SUBWAY® restaurant. Plaintiff and members of the class relied on Defendant's and its franchisees' statements that the food would be identical in all respects at each SUBWAY® restaurant.

**Substantive Allegations**

18. Defendant engages in an all-encompassing, national advertising and marketing campaign, including throughout California, of its SUBWAY® "Footlong" subs.

19. Defendant's advertisements regarding the SUBWAY® "Footlong" subs are meant to convey to consumers that the subs are actually one foot, or 12 inches long.

20. Defendant planned, made, and applies uniform standards and practices that each of its franchisees' employees must follow relative to making SUBWAY® menu items for customers, including SUBWAY® "Footlong" subs.

21. Defendant's employees receive extensive training on these uniform standards and practices, and are not allowed to depart from these standards and practices.

22. Additionally, Defendant's franchisees must to get their bread from a unified supply source, which stretches out the dough to a pre-set length according to Defendant's specifications, and freezes it prior to delivering the frozen dough to SUBWAY® restaurants. This pre-set length quantified by Defendant is the main factor in how long SUBWAY® "Footlong" subs will be.

23. When Plaintiff bought his SUBWAY® "Footlong" sub, Defendant misrepresented the length of its "Footlong" subs through advertising and marketing described above, including marketing and advertising materials at restaurant located at 1857 El Camino Real, Burlingame, CA 94010, where Plaintiff made his purchase.

24. Defendant's policies and procedures relative to the creation of SUBWAY® "Footlong" subs result in the subs often times being materially shorter than one foot, or 12 inches long.

25. Defendant's statements regarding SUBWAY® "Footlong" subs were untrue, deceptive and deceiving. Plaintiff and the proposed Class members purchased SUBWAY® "Footlong" subs relying on misrepresentations and omissions of the Defendant.

26. As a result of SUBWAY® "Footlong" subs not being as long as advertised, Plaintiff and the proposed Class members obtained less food then they were promised by Defendant, and paid an exaggerated price for the "Footlong" subs that they would not otherwise have paid.

**Class Action Allegations**

27. Plaintiff brings this lawsuit, both individually and as a class action on behalf of similarly situated purchasers of the SUBWAY® "Footlong" subs, pursuant Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

28. Plaintiff brings this action on behalf of himself and all others similarly situated, as a member of the proposed class (hereafter "the class") defined as follows:

a. The proposed Class is defined as: All persons in the California who purchased SUBWAY® "Footlong" submarine sandwiches that were less than 12 inches long.

29. Excluded from the proposed Class are Defendant, its respective officers, directors and employees, any entity that has a controlling interest in Defendant, and all of its respective employees, affiliates, legal representatives, heirs, successors, or assignees.

30. Plaintiff does not know the number of members in the class, but believes the class

members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

31. the class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of the class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that the class includes tens of thousands of members. Plaintiff alleges that the class members may be ascertained by the records maintained by Defendant.

32. Common questions of fact and law exist as to all members of the class which predominate over any questions affecting only individual members of the class. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a. Did Defendant represent that SUBWAY® "Footlong" subs were one foot, or 12 inches long;

b. Did Defendant neglect to disclose that SUBWAY® "Footlong" subs were less than 12 inches in length;

c. Were Defendant's statements about the SUBWAY® "Footlong" subs misleading or false;

d. Was Defendant's advertising false, deceptive and/or misleading;

e. Did Defendant's conduct, as alleged in this Class Action Complaint, violates public policy;

f. Did Plaintiff and the class sustain monetary loss;

g. Are Plaintiff and the class entitled to declaratory and injunctive relief; and

h. Was Defendant unjustly enriched.

33. Plaintiff will fairly and adequately protect the interests of the members of the class. Plaintiff has retained attorneys experienced in the prosecution of class actions.

34. A class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

35. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

36. Defendant has acted or refused to act in respects generally applicable to the class, thereby making appropriate final and injunctive relief with regard to the members of the California Class as a whole.

**COUNT I**

**VIOLATION OF THE CALIFORNIA UNFAIR COMPETITION LAW**
**(Cal. Bus. & Prof. Code § 17200, *et seq.*)**

37. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

38. California Business and Professions Code section 17200 prohibits any "unlawful, unfair, or fraudulent business acts or practices." Defendants have engaged in unlawful, fraudulent, and unfair business acts and practices in violation of the UCL.

39. Defendant's misrepresentations and omissions regarding the length of SUBWAY® "Footlong" subs, are deceptive and/or unfair acts or practices prohibited by the consumer fraud statutes set forth above.

40. Defendant intended to be deceptive and/or unfair to Plaintiff and the proposed Class by intentionally making the foregoing false and misleading statements and omitting accurate statements as alleged above, because had Defendant provided accurate information, Plaintiff and the proposed Class members would not have purchased the SUBWAY® "Footlong" subs.

41. Defendant's practice of creating, approving and distributing advertising for SUBWAY® "Footlong" subs that contained false and misleading representations regarding the length of those subs for the purpose of selling them to Plaintiff and the proposed Class, as alleged in detail *supra*, is both an unfair act and deceptive practice prohibited by the foregoing statutes.

42. Defendant intended to be deceptive and unfair to Plaintiff and the proposed Class by unlawfully representing that each of SUBWAY® "Footlong" subs are 12 inches, or one footlong.

43. Defendant intended that Plaintiff and the proposed Class members rely on Defendant's misrepresentations as to the length of the SUBWAY® "Footlong" subs when purchasing them.

44. Defendant failed to disclose or notify Plaintiff and the proposed Class that the SUBWAY® "Footlong" subs were considerably less than one foot, or 12 inches, in length.

45. Plaintiff and the proposed Class members justifiably relied on the misrepresentations and omissions to their detriment by purchasing the SUBWAY® "Footlong" subs after seeing Defendant's advertising. Certainly, Defendant did not attempt to inform consumers that SUBWAY® "Footlong" subs are not uniformly 12 inches, or one footlong.

46. Had Plaintiff and the proposed Class members known the truth, they would not have purchased or paid as much for the SUBWAY® "Footlong" subs.

47. The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce, namely, the sale of the SUBWAY® "Footlong" subs to Plaintiff and the proposed Class members.

48. The above-described deceptive and unfair acts offend public policy and cause substantial injury to consumers.

49. As a direct and proximate result of the foregoing, the Plaintiff and Class members have been damaged in an amount to be determined at trial.

50. Defendant has violated the unlawful prong based on the facts above.

51. Defendant has violated the fraudulent prong of section 17200 because the misrepresentations and omissions as set forth were likely to deceive a reasonable consumer, and the information would be material to a reasonable consumer.

52. Defendants have violated the unfair prong of section 17200 because the acts and practices set forth above offend established public policy and because the harm they cause to consumers greatly outweighs any benefits associated with those practices. Defendant's conduct has also impaired competition within the market and prevented Plaintiff from making fully informed decisions. Defendant's conduct also offends established public policy as delineated in the regulatory provisions described above and their underlying purposes.

53. Plaintiff has suffered injury in fact, including losing money, as a result of Defendant's unfair, unlawful and/or deceptive practices. Plaintiff relied on the misrepresentations and/or omissions of Defendant. Had Plaintiff known the truth, Plaintiff would not have purchased or paid as much for Defendant's product.

54. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized conduct that is still perpetuated and repeated, both in California and nationwide.

55. Plaintiff requests this Court enter such orders or judgments to enjoin Defendant from continuing their unfair, unlawful, and/or deceptive practices and to restore to Plaintiff and members of the class any money Defendant acquired by unfair competition, as provided in CAL. BUS. & PROF. CODE § 17203, and for such other relief set forth below.

**COUNT II**
**VIOLATION OF THE CALIFORNIA FALSE ADVERTISING LAW**
**(Cal. Bus. & Prof. Code § 17500, *et seq.*)**

56. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

57. California Business and Professions Code § 17500 states: "It is unlawful for any…corporation…with intent directly or indirectly to dispose of real or personal property…to induce the public to enter into any obligation relating thereto, to make or

disseminate or cause to be made or disseminated…from this state before the public in any state, in any newspaper or other publication, or any advertising device,…or in any other manner or means whatever, including over the Internet, any statement…which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

58. Defendant caused to be made or disseminated through California and the United States, through advertising, statements that were untrue or misleading, and which were known, or which by exercising reasonable care should have been known to Defendant, to be untrue and misleading to consumers and Plaintiff.

59. Defendant violated section 17500 because the misrepresentations and omissions were material and likely to deceive a reasonable consumer.

60. Plaintiff has suffered injury in fact, including losing money, as a result of Defendant's false advertising. As set forth in the allegations concerning Plaintiff, Plaintiff relied on the misrepresentations and/or omissions of Defendant. Had Plaintiff known the true size of the SUBWAY® "Footlong" subs, Plaintiff would not have purchased and/or paid as much for it.

61. All of the wrongful conduct alleged herein occurred, and continues to occur, in the conduct of Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized conduct that is still perpetuated and repeated, both in California and nationwide.

62. Plaintiff requests this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing their false advertising and to restore to Plaintiff and members of the class any money Defendant acquired by unfair competition, and for such other relief set forth below.

**COUNT III**
**VIOLATIONS OF THE CONSUMER LEGAL REMEDIES ACT**
**(Cal. Civ. Code § 1750, *et seq.*)**

63. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

64. Defendant is a "person" under CAL. CIV. CODE § 1761(c).

65. Plaintiff is a "consumer," as defined by CAL. CIV. CODE § 1761(d), who purchased one or more products made by Defendant.

66. Defendant participated in unfair or deceptive acts or practices that violated the Consumer Legal Remedies Act ("CLRA"), CAL. CIV. CODE § 1750, *et seq*., as described in this Complaint.

67. Defendant intended that Plaintiff and the proposed Class members rely on Defendant's misrepresentations as to the length of the SUBWAY® "Footlong" subs when purchasing them, and Defendant failed to disclose to or notify Plaintiff and the proposed Class that the SUBWAY® "Footlong" subs were materially less than one foot, or 12 inches, in length.

68. By misrepresenting the length of the SUBWAY® "Footlong" subs, Defendant engaged in deceptive business practices prohibited by the CLRA, CAL. CIV. CODE § 1750, *et seq*.,

69. Defendant knew their SUBWAY® "Footlong" subs are not uniformly 12 inches, or one footlong. Defendant nevertheless failed to make appropriate disclosures despite their superior knowledge and affirmative misrepresentations to the contrary.

70. A reasonable consumer would not have purchased or paid as much for the SUBWAY® "Footlong" subs had Defendant disclosed that the SUBWAY® "Footlong" subs are not uniformly 12 inches, or one footlong, as that information is material to a reasonable

consumer.

71. Because of its violations of the CLRA detailed above, Defendant has caused and continues to cause actual damage to Plaintiff and, if not stopped, will continue to harm Plaintiff. Had Plaintiff known the true size of the SUBWAY® "Footlong" subs, Plaintiff would not have purchased and/or paid as much for it.

72. Under Civil Code § 1780(a), Plaintiff and members of the class seek injunctive and equitable relief for Defendant's violations of the CLRA. After mailing appropriate notice and demand under Civil Code § 1782(a) & (d), Plaintiff will subsequently amend this Complaint to also include a request for damages. Plaintiff and members of the class request this Court enter such orders or judgments as may be necessary to restore to any person in interest any money which may have been acquired with such unfair business practices, and for such other relief, including attorneys' fees and costs, as provided in Civil Code § 1780 and the Prayer for Relief.

73. Plaintiff includes an affidavit with this Complaint that shows venue in this District is proper, to the extent such an affidavit is required by CAL. CIV. CODE § 1780(d).

**COUNT IV**
**FRAUD**
**(Based on California Common Law)**

74. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

75. Defendant affirmatively misrepresented and concealed material facts concerning the SUBWAY® "Footlong" subs.

76. Defendant had a duty to disclose the SUBWAY® "Footlong" subs are not uniformly 12 inches, or one footlong based on their superior knowledge and affirmative misrepresentations to the contrary.

77. Defendant affirmatively misrepresented and/or actively concealed material facts, in whole or in part, intending to induce Plaintiff and members of the class to purchase the

SUBWAY® "Footlong" subs.

78. Plaintiff and the class were unaware of these omitted material facts and would not have acted as they did if they had known of the concealed and/or suppressed facts.

79. Because of the concealment and/or suppression of the facts, Plaintiff and the class sustained damage in an amount to be determined at trial.

**COUNT V**
**NEGLIGENT MISREPRESENTATION**
**(Based on California Common Law)**

80. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

81. Defendant made representations about the SUBWAY® "Footlong" subs to Plaintiff and members of the class that were not true.

82. Defendant had no reasonable grounds for believing these representations were true when they made them, yet they intended that Plaintiff and members of the class rely on these representations.

83. Plaintiff reasonably relied on Defendant's representations and as a result Plaintiff and members of the class were harmed.

**COUNT VI**
**UNJUST ENRICHMENT / COMMON LAW CLAIMS OF RESTITUTION**
**Based on California Common Law**

84. Plaintiff re-alleges and incorporates by reference all paragraphs alleged herein.

85. Plaintiff brings this claim individually, and on behalf of all similarly situated residents in California under the unjust enrichment.

86. As a direct and proximate result of Defendant's misconduct as set forth above, Defendant has been unjustly enriched.

87. Specifically, by its misconduct described, Defendant accepted a benefit (*i.e.,* monies paid by Plaintiff and the proposed Class members for the purchase of the SUBWAY® "Footlong" subs) to the detriment of Plaintiff and the proposed Class.

88. Defendant's retaining of the full amount of monies paid for the SUBWAY® "Footlong" subs violates the fundamental principles of justice, equity, and good conscience.

89. Defendant received the benefit based on its misrepresentations and omissions regarding the SUBWAY® "Footlong" subs to the Plaintiff and the proposed Class members, and it would be inequitable for the Defendant to keep the benefit of those monies, as it was paid the money under false pretenses.

90. Defendant has obtained money to which it is not entitled, and interest on that money, and under these circumstances equity and good conscience require that the Defendant return the money with interest to the Plaintiff and the proposed Class.

91. As a direct and proximate result of the foregoing, Plaintiff and the proposed Class have been damaged in an amount to be determined at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of the class, pray for an Order as follows:

A. Determine this action may be maintained as a Class action with respect to the class and certify it as such under Rule 23(b)(3), or alternatively certify all issues and claims that are appropriately certified, and designate and appoint Plaintiff as Class Representatives and their counsel as Class Counsel;

B. Declare, adjudge and decree the conduct of Defendant as alleged herein to be unlawful, unfair and/or deceptive;

C. Award Plaintiff and Class members actual, compensatory damages, as proven at trial, including all economic losses sustained.

D. Award Plaintiff restitution of all monies paid to Defendants as a result of unlawful, deceptive, and unfair business practices;

E. Award Plaintiff and the class members reasonable attorneys' fees, costs, and pre- and post- judgment interest; and

F. Award Plaintiff and the class members such other further and different relief as the nature of the case may require or as may be determined to be just, equitable, and proper by this Court.

**TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

Dated: April 16, 2013

THE TERRELL LAW GROUP

REGINALD TERRELL, ESQ.

REGINALD TERRELL, ESQ.
THE TERRELL LAW GROUP
Post Office Box 13315, PMB #148
Oakland, California 94661
Telephone: (510) 237-9700
Facsimile: (510) 237-4616